IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Greenwich Insurance Company, | ) | Civil Action No.: 4:11-cv-02743-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Joe Garrell, Joe Garrell & Associates, Inc. | ) | |
| d/b/a Litus Group, Garrell Properties, LLC | ) | |
| d/b/a Litus Group, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Carol P. Moore, individually and on behalf | ) | **ORDER** |
| of LandBank LLC, LandBank Fund IV | ) | |
| LLC, and LandBank Fund V, LLC, | ) | |
| E. Wade Byrd, Jr. and Nancy W. Byrd | ) | |
| Living Trust, individually and on behalf | ) | |
| of LandBank Fund IV, LLC, Benton H. | ) | |
| Walton, III, individually and on behalf | ) | |
| of LandBank, LLC and LandBank Fund V | ) | |
| LLC, Charles L. Tate Jr., individually and | ) | |
| on behalf of LandBank, LLC, J.D. | ) | |
| Carmichael, individually and on behalf | ) | |
| of LandBank Fund, IV, LLC, Wilbur C. | ) | |
| Ward, individually and on behalf of | ) | |
| LandBank Fund IV, LLC and Joyce Ward, | ) | |
| individually and on behalf of LandBank | ) | |
| Fund IV, LLC and LandBank, LLC, | ) | |
| | ) | |
| Necessary Party Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff Greenwich Insurance Company's ("Greenwich's") Motion for Reconsideration. For the reasons discussed below, the Court grants in part and denies in part Greenwich's Motion.

**Background**

Greenwich filed this declaratory judgment against Defendants Joe Garrell and other related entities (the "Garrell Defendants") seeking a declaration that it has no duty to defend or to indemnify the Garrell Defendants in a pending state court action. On March 7, 2013, this Court denied Greenwich's Motion for Judgment on the Pleadings and to Dismiss, and denied the Garrell Defendants' Motion for Summary Judgment. [*See* Order, Doc. # 52.] As part of its holding, the Court held that because there was a genuine dispute of fact as to coverage under the policy issued by Greenwich, the applicability of bad faith and attorney's fees could not be decided as a matter of law. [*Id*. at 22–23.]

On April 4, 2013, Greenwich filed the Motion for Reconsideration at issue. Specifically, Greenwich argues that the Court erred in its Order when it noted that both the issues of bad faith and attorneys fees "hinge[d] upon [Greenwich] prevailing in its declaratory judgment action." [*See* Mot. for Reconsideration, Doc. # 54, at 3.] Instead, Greenwich argues that regardless of whether it prevails in its declaratory judgment action, it did not commit bad faith so long as it had some reasonable ground for contesting a claim. [*Id*.]

**Standard of Review**

Motions for reconsideration are inappropriate merely to introduce new legal theories or new evidence that could have been adduced during the pendency of the prior motion. *See Wojcicki v. Aiken Tech. College*, No. 1:06–cv–00461, 2012 WL 3596161, at *2 (D.S.C. Aug. 12, 2012) (citing *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656 (N.D. Ill.1982), aff'd, 736 F.2d 388 (7th Cir.1982)).

Motions under Rule 59 of the Federal Rules of Civil Procedure are not to be made lightly;

"reconsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE 59.30[4] (3d ed.). A Rule 59(e) motion may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *See Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citations omitted). The Fourth Circuit has emphasized that mere disagreement with a court's ruling does not warrant a Rule 59(e) motion. *See Hutchinson v. Staton*, 994 F.2d 1076 (4th Cir. 1993) (citing *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss.1990)). Nor are Rule 59(e) motions opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

## Discussion

This Court agrees with Greenwich that the test for bad faith is whether the insurance company had a reasonable ground for contesting a claim.

Under South Carolina law, the crux of a bad faith case is whether "there is a reasonable ground for contesting a claim . . . ." *Crossley*, 307 S.C. at 360, 415 S.E.2d at 397; *see also Helena Chem. Co. v. Allianz Underwriters Ins. Co.*, 357 S.C. 631, 645, 594 S.E.2d 455, 462 (2004) ("Under South Carolina law, an insurer acts in bad faith when there is *no reasonable basis* to support the insurer's decision.") (emphasis added); *Varnadore v. Nationwide Mut. Ins. Co.*, 289 S.C. 155, 158, 345 S.E.2d 711, 714 (1986) (upholding jury instruction charging that "if there *is any reasonable*

*ground* for contesting the claim, there is no bad faith . . . .") (emphasis added).[1]

This Court did not intend its March 7, 2013, Order to be read as holding that an insurer must prevail in a declaratory judgment action in order to avoid bad faith and attorneys fees. The Court agrees with Greenwich that such a statement would be an error of law. *See Nelson v. United Fire Ins. Co. of New York*, 275 S.C. 92, 97, 267 S.E.2d 604, 607 (1980) (holding that, in a case involving novel legal issues, an insurer was allowed to litigate its obligation without "fear of unequal punishment"). Greenwich, however, misreads this Court's ruling. In its Motion for Judgment on the Pleadings, Greenwich specifically argued that because there was no coverage under the Policy, Greenwich could not be found to have acted in bad faith. This would be correct. Thus, this Court explained that this particular argument – that because there was no coverage there could have been no bad faith – hinged upon Greenwich prevailing in its declaratory judgment action (not that if there is coverage, Greenwich would be automatically liable for bad faith). Again, the Court agrees with Greenwich that South Carolina law provides that if there is a reasonable ground for contesting a claim, there is no bad faith.

To the extent Greenwich is arguing that the Court further erred because the Garrell Defendants' claims for bad faith and attorneys fees failed as a matter of law, the Court reaffirms its March 7, 2013, Order, which denied Greenwich's Motion to Dismiss *without prejudice* to

---

[1] This Court has previously explained that under South Carolina law, "the elements of an action for bad faith under an insurance contract include: '(1) the existence of a mutually binding contract of insurance between the plaintiff and the defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the insured.'" *CRC Scrap Metal Recycling, LLC v. Hartford Cas. Ins. Co.*, No. 7:12–146, 2012 WL 4903661, at *7 (D.S.C. Oct. 15, 2012) (quoting *Crossley v. State Farm Mut. Auto. Ins. Co.*, 307 S.C. 354, 359–60, 415 S.E.2d 393, 396–97 (1992)).

Greenwich's right to argue, at the bench trial in these proceedings, that the claims for bad faith and attorneys fees fail as a matter of law.

## Conclusion

**IT IS THEREFORE ORDERED** that Greenwich's Motion for Reconsideration is **GRANTED** in part and **DENIED** in part. Specifically, to the extent this Court's previous Order needs clarification, Greenwich's Motion is granted and this Court's March 7, 2013, Order is clarified as explained above.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
June 11, 2013